AO 243
REV 6/82

**MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

# United States District Court

| District | of MASSACHUSETTS |
|---|---|

| Name of Movant | Prisoner No. | Docket No. |
|---|---|---|
| JERMALL BUTLER | 23525-038 | 03-CR-127 |

Place of Confinement: FCI FAIRTON, P.O. BOX 420, FAIRTON, NJ 08320

(include name upon which convicted)

UNITED STATES OF AMERICA   v.   JERMALL BUTLER   MAGISTRATE JUDGE

(full name of movant)

**MOTION** 05 10608 MLW

U.S. Dist. Court

1. Name and location of court which entered the judgment of conviction under attack
   District of Massachusetts, 90 Devonshire St., Boston, MA 02109

2. Date of judgment of conviction: June 1, 2004

3. Length of sentence: 41 months

4. Nature of offense involved (all counts): Possessing Contraband in Prison, 18 USC § 02210

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   N/A

6. Kind of trial: (Check one)
   (a) Jury ☐   N/A
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐ No ☐
   N/A

8. Did you appeal from the judgment of conviction?
   Yes ☐ No ☒

(2)

AO 243
REV 6/82

9. If you did appeal, answer the following:

   (a) Name of court _____ N/A _____

   (b) Result _____

   (c) Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
    Yes ☐ No ☒

11. If your answer to 10 was "yes," give the following information:

    (a)(1) Name of court _____ N/A _____

    (2) Nature of proceeding _____

    (3) Grounds raised _____

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
    Yes ☐ No ☐

    (5) Result _____ N/A _____

    (6) Date of result _____

    (b) As to any second petition, application or motion give the same information:

    (1) Name of court _____ N/A _____

    (2) Nature of proceeding _____

    (3) Grounds raised _____

AO 243
REV 6/82

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐ No ☐

    (5) Result _____ N/A _____

    (6) Date of result _____

(c) As to any third petition, application or motion, give the same information:

    (1) Name of court _____

    (2) Nature of proceeding _____

    (3) Grounds raised _____

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐ No ☐

    (5) Result _____ N/A _____

    (6) Date of Result _____

(d) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
    (1) First petition, etc.    Yes ☐ No ☐
    (2) Second petition, etc.  Yes ☐ No ☐    N/A
    (3) Third petition, etc.   Yes ☐ No ☐

(e) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

    N/A

12. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.
    CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

    For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

    Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.
    (a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
    (b) Conviction obtained by use of coerced confession.

AO 243
REV 6/82

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: COUNSEL WAS DEFICIENT FOR FAILING TO FILE A NOTICE OF APPEAL AFTER BEING REQUESTED TO DO SO.

Supporting FACTS (tell your story *briefly* without citing cases or law): On more than one occasion, Jermall expressly instructed his counsel to file an appeal. Counsel assured Jermall that he would, but did not. See Memorandum

B. Ground two: COUNSEL WAS DEFICIENT DURING PLEA NEGOTIATIONS.

Supporting FACTS (tell your story *briefly* without citing cases or law): Counsel advised Jermall to enter into an agreement that afforded him no benefit over going to trial. Both the plea and trial exposed Jermall to a maximum sentence of 41-51 months. See Memorandum

C. Ground three: JERMALL'S RIGHT TO JURY TRIAL WAS VIOLATED WHERE HE WAS EXPOSED TO A PENALTY EXCEEDING THE MAXIMUM REFLECTED IN THE JURY VERDICT

Supporting FACTS (tell your story *briefly* without citing cases or law): The district court found by a preponderance of the evidence that Jermall obstructed justice and therefore increased his sentence by two-levels. The court also assigned two additional criminal history points under USSG § 4A1.1(e). See Memorandum

(5)

AO 243
REV 6/82

D. Ground four: <u>COUNSEL WAS DEFICIENT FOR FAILURE TO RAISE AN APPRENDI CLAIM AT SENTENCING AND ON APPEAL</u>

Supporting FACTS (tell your story *briefly* without citing cases or law): <u>Counsel should have been aware that Apprendi's rule may apply to guideline factors since the Supreme Court had granted cert. in Blakely v. Washinton, on the sole question of whether the top of the standard guideline range represented the maximum permissible punishment. Also, prior to sentencing, Jermall requested that counsel make an Apprendi argument. Counsel refused citing ethical obligations as grounds. See Memorandum</u>

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: <u>Claims of ineffective assistance of counsel are properly raised in § 2255 proceedings. See Massaro v. U.S., 538 U.S. 500 (2003).</u>

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing _____N/A_____

(b) At arraignment and plea <u>Leo Sorokin, Esq., Federal Defenders Office, 408 Atlantic Avenue, Boston, MA 02110</u>

(c) At trial _____

(d) At sentencing _____

AO 243
REV 6/82

    (e) On appeal _____ N/A _____

    (f) In any post-conviction proceeding _____ N/A _____

    (g) On appeal from any adverse ruling in a post-conviction proceeding _____
    _____ N/A _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

    (a) If so, give name and location of court which imposed sentence to be served in the future: _____
    N/A

    (b) Give date and length of the above sentence: _____ N/A _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☐                       N/A

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

__3-11-05__
(date)

_____
Signature of Movant

(7)

IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

JERMALL BUTLER,                         :

            Movant           :     Criminal No. 03-CR-127
vs.                                     :     (Honorable Mark L. Wolf)

UNITED STATES OF AMERICA,               :     28 U.S.C. § 2255

            Respondent       :

---

MEMORANDUM IN SUPPORT OF MOTION TO VACATE,
SET ASIDE, OR TO CORRECT SENTENCE UNDER 28 U.S.C. § 2255

COMES NOW, the Movant, Jermall Butler (hereinafter, "Jermall"), pro se, and respectfully MOVES THIS HONORABLE COURT for an Order Granting the Requested Relief. For the reasons that follow, Jermall asks that the motion be Granted.

GROUNDS

I. Counsel was deficient for failing to file a notice of appeal after being requested to do so.

II. Counsel was deficient during plea negotiations.

III. Jermall's right to jury trial was violated where he was exposed to a penalty exceeding the maximum reflected in the jury verdict.

IV. Counsel was deficient for failure to raise an Apprendi issue at sentencing and on appeal.

I. STATEMENT

As long ago as Powell v. Alabama, 287 U.S. 45 (1932), the Supreme

Court recognized that the Sixth Amendment right to counsel exists in order to protect the fundamental right to a fair trial. It is not enough that a lawyer is present at trial alongside the accused [...]." Strickland v. Washington, 466 U.S. 668, 685 (1984). The right to counsel "is the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 n. 14 (1970). Despite these axiomatic principles, counsel in this case functioned more as "a friend of the court," than "an advocate for the defendant." Jones v. Barnes, 463 U.S. 745, 758 (1983) (Brennan, J., dissenting). On more than one occasion, Jermall instructed his attorney to file an appeal. On each of those occasions, his counsel assured him that he would. But as Jermall would later learn, his counsel did not. The same can be said of his counsel's performance during plea negotiations. A terse overview of the agreement made by the parties shows the disingenuousness on the part of the prosecution and counsel's unfaithful "sacrifice of [an] unarmed prisoner[] to gladiators." United States v. Cronic, 466 U.S. 648, 657 (1984). Accordingly, counsel failed to function in any meaningful sense as the Government's adversary.

## II. FACTS

a.  This case presents the question of, among other things, whether counsel's performance undermined confidence in the outcome of criminal proceedings. Prior to Jermall's sentencing, he told his counsel, Leo T. Sorokin, that if he (Jermall) was unsuccessful in receiving a two-level decrease for acceptance of responsibility, he wanted to appeal. Immediately following his June 1st sentencing, Jermall instructed Mr. Sorokin to file an appeal. Sorokin assured Jermall that he would. But as Jermall would later learn, Sorokin did not.

b.  What's more, Jermall instructed Sorokin to argue at sentencing and on appeal that the principles of Apprendi v. New Jersey, 530 U.S. 466 (2000), precluded the application of guideline factors not found by a jury beyond a reasonable doubt. Sorokin rejected that request,

- 2 -

stating that circuit precedent foreclosed such an argument and that he was therefore bound by ethical obligations, professional rules of conduct, and court rules, from asserting non-meritorious and frivolous claims.

    c. Jermall's troubles began in March of 2003, when he was indicted by the federal grand jury at Albany, New York for Possession of Contraband in Prison, 18 U.S.C. § 1791(a)(2) and (b)(1). Following his arrest, defense counsel informed Jermall that if he pled guilty, he would receive a two-level decrease in his offense level for acceptance of responsibility. This would, in counsel's words, "reduce" Jermall's offense level to 13 "despite an adjustment for obstruction of justice." Counsel further advised that with the Government's recommendation of a sentence at the low end of the Guideline, Jermall could receive as "little as 33 months." Based on that advice, Jermall agreed to plead guilty.

### III. BACKGROUND

1. Jermall's conviction was the result of possession of contraband while in prison. As with most federal prosecutions, he pled guilty as charged, 18 U.S.C. § 1791(a)(2). On June 1, 2004, the Court sentenced him to 41 months imprisonment. No appeal was filed.

### IV. TIMELINESS

1. This petition is timely since it is filed within one year from the date on which judgment was entered. See 28 U.S.C. § 2255, ¶ 6(1).

### ARGUMENT I
### JERMALL'S SIXTH AMENDMENT RIGHT TO COUNSEL WAS VIOLATED BECAUSE COUNSEL FAILED TO FILE A NOTICE OF APPEAL AFTER BEING INSTRUCTED TO DO SO.

Standard

    A.   Jermall was denied his right to the effective assistance of counsel where counsel failed to file a notice of appeal after being instructed to do so. In order to establish a bonafide claim of ineffective assistance of counsel, Jermall must show that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced the defense. See <u>Strickland</u>, 466 U.S. at 669; <u>Phoenix v. Matesanz</u>, 233 F.3d 77, 81 (1st Cir. 2000).

Performance and Prejudice Prongs

    1.   The facts in this case show that Jermall expressly instructed his counsel to file an appeal. Nevertheless, his counsel did not. It is well-settled that where a defendant specifically instructs his counsel to file a notice of appeal, counsel's failure to do so is, per se, "professionally unreasonable." <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 477 (2000); <u>Garcia v. U.S.</u>, 278 F.3d 134, 137 (2d Cir. 2002). In circumstances such as these, prejudice is presumed, and ineffective assistance of counsel has been demonstrated. See, e.g., <u>Roe</u>, at 484-85; <u>U.S. v. Nagib</u>, 56 F.3d 798 (7th Cir. 1995) (holding counsel ineffective for failing to file notice of appeal after being instructed to do so); <u>U.S. v. Peak</u>, 992 F.2d 39 (4th Cir. 1990) (same); <u>Linen v. U.S.</u>, 337 F.Supp.2d 403 (N.D.N.Y. 2004) (same)[1].

---

[1] In <u>Solis v. U.S.</u>, 252 F.3d 289 (3d Cir. 2001), the Court held that based on the allegation, that the defendant instructed his attorney to file an appeal, but no appeal was taken, the provisions under 28 U.S.C. § 2255 "requires the District Court to hold a hearing sua sponte." Id., at 294; see also <u>U.S. v. Witherspoon</u>, 231 F.3d 923, 927 n.6 (4th Cir. 2000). Along these lines, Jermall asks that a hearing be granted and that counsel be appointed. See <u>U.S. v. Iasiello</u>, 166 F.3d 212, 213 (3d Cir. 1999) (district court must appoint counsel if evidentiary hearing is held); <u>U.S. v. Duarte-Higareda</u>, 68 F.3d 369, 370 (9th Cir. 1995) (same).

Accordingly, Jermall should be given a new opportunity to appeal his conviction. See Rodriguez v. United States, 395 U.S. 327, 328 (1969).

## ARGUMENT II

## COUNSEL WAS DEFICIENT DURING PLEA NEGOTIATION

1. Challenges to guilty pleas based on ineffective assistance of counsel are evaluated under the standard announced in Hill v. Lockhart, 474 U.S. 52 (1985); see also Bertoldo v. U.S., 145 F. Supp. 2d 111 (D. Mass. 2001). While the "performance" inquiry under Strickland remains germane, the prejudice inquiry, in this context, requires the prisoner to show "a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." Bertoldo, at 115 (quoting Hill, at 59).

2. In this case, counsel advised Jermall to enter into an agreement that afforded him no benefit over going to trial. To put the argument in the proper context, we begin with Jermall's maximum potential sentence had he proceeded to trial.

Because Jermall was convicted under 18 U.S.C. § 1791(a), the Sentencing Guidelines require that his base offense level begin at 13. See U.S.S.G. § 2P1.2(a)(2). With a criminal history category of VI, and the real possibility of a two-level increase for obstruction of justice, Jermall's maximum sentencing exposure was 41-51 months. No more. Counsel informed Jermall that if he pled guilty, he would receive a two-level decrease for acceptance of responsibility. This would, in counsel's words, "reduce" Jermall's offense level to 13 (i.e., 33-41 months). With the Government's recommendation of a sentence at the low end, per plea agreement, Jermall could receive as little as 33 months. Based on that advice, Jermall decided to plead guilty.

- 5 -

3. If counsel had conducted a minimal investigation into the law in relation to the facts of this case, he would have learned that then extant precedent, as well as the Guideline itself, generally prohibits affording a defendant a reduction for acceptance of responsibility where a finding of obstruction of justice has been made.[2] See U.S.S.G. § 3E1.1, comment. (n:4). For example, in U.S. v. Gonzales, 12 F.3d 298 (1st Cir. 1993), the Court observed that only "extraordinary circumstances qualify for an acceptance of responsibility credit following an enhancement for obstruction of justice." Id., at 300 (citing U.S.S.G. § 3E1.1, comment. (n:4) (Nov. 1992)). In yet another case, the defendant argued that the district court improperly denied him credit for acceptance of responsibility as stipulated in the plea agreement despite his absconding from the district court. See U.S. v. Loeb, 45 F.3d 719 (2d Cir. 1995). In rejecting the defendant's submissions, the court said that "[i]t is well-established that by willfully failing to appear for sentencing, a defendant fails to accept responsibility for the offense, regardless of whether there was a plea agreement stipulating credit for the adjustment." Id., at 722. The Court further emphasized that "intentional flight from judicial proceeding[s] is grounds ... for the court to impose an offense level enhancement for obstruction of justice." Id., see also U.S. v. Thompson, 80 F.3d 368, 370-71 (9th Cir., 1996); cf.

---

[2] The proper measure of attorney performance remains simply reasonableness "under prevailing professional norms." Strickland, 466 U.S. at 687-88. Counsel's representation in this case is inconsistent with ABA Model Code of Professional Responsibility, EC 7-1 (2000) (counsel must "represent the client zealously within the bounds of the law"), and ABA Standards, Defense Function, 4-4.1 (1992) ("Defense counsel should conduct a prompt investigation of the circumstances of the case and explore all avenues leading to facts relevant to the merits of the case and the penalty in the event of conviction"), and 4-5.1 ("After informing himself or herself fully on the facts and the law, defense counsel should advise the accused with complete candor concerning all aspects of case").

Sommerville v. Conway, 281 F. Supp. 2d 515, 523 (E.D.N.Y. 2003) ("Effective counsel must be familiar with the sentencing law governing a defendant's case" ... "In the [] federal context, 'familiarity with the structure and basic content of the Guidelines ... has become a necessity for counsel who seek to give effective representation'") (quoting U.S. v. Day, 969 F.2d 39, 43 (3d Cir. 1992)).

4. The facts in this case are nearly indistinguishable from the facts in the cited precedent. The record shows that Jermall absconded from the district court on August 28, 2003, and was not arrested until September 30, 2003. See PSR, at 2, ¶¶ 7 and 8. In fact, the Government expressly took the position that Jermall should receive a two-level increase for obstruction of justice based on his absconding. See (Ex. A - Plea Agreement, at 2). Counsel should have known that it was a near certainty that the district court would find that Jermall had obstructed justice, and consequently would not be entitled to a reduction for acceptance of responsibility. See Hill, 474 U.S. at 62 ("[F]ailure of an attorney to inform his client of the relevant law clearly satisfies the first prong of the Strickland analysis"); Dickerson v. Vaughn, 90 F.3d 87 (3d Cir. 1996). Thus, Jermall's plea exposed him to the same 41-51 month prison term that he would have been exposed to had he gone to trial. See Esslinger v. Davis, 44 F.3d 1515, 1529-30 (11th Cir. 1995) (holding counsel ineffective for negotiating a plea in which the defendant "had 'nothing to gain by pleading [guilty], [and] nothing to lose by going to trial'").

It therefore remains that had Jermall been correctly advised by counsel, he would not have pled guilty, but would instead have insisted on going to trial. Therefore, counsel's deficient performance prejudiced the defense.

ARGUMENT III

JERMALL'S RIGHT TO JURY TRIAL AND DUE PROCESS
OF LAW WERE VIOLATED WHERE HE WAS EXPOSED TO A PUNISHMENT
EXCEEDING THE MAXIMUM REFLECTED IN THE JURY'S VERDICT

1. Jermall's sentence exceeds the maximum authorized by law and is thus invalid. At long last, the U.S. Supreme Court has made clear that a criminal defendant has a right to have all facts that bear on punishment found by a jury beyond a reasonable doubt. See Blakely v. Washington, 542 U.S. ___, 124 S.Ct. 2531 (2004) (statutory maximum is maximum reflected in jury verdict or admitted by defendant); United States v. Booker, 543 U.S. ___, at ___ (2005) (slip op., at *2) (Stevens, J., opinion) (Blakely's rule applies to Federal Guidelines).[3]

---

[3] Jermall also argues that counsel was ineffective for failing to raise this argument at sentencing and on appeal. First, though Blakely was not decided until three weeks after Jermall's sentencing, the Supreme Court had granted certiorari on the issue of whether the standard guideline range represented the maximum penalty and had conducted oral argument. This issue was directly germane to the application of Guideline factors in Jermall's case and should have "struck those learned in law like a bucket of ice water." Humphries v. Ozment, 366 F.3d 266, 276 (4th Cir. 2004); cf. Bousley v. United States, 523 U.S. 614, 622 (1998) (observing that issue was reasonably available to counsel since Federal Reporters were replete with identical challenges). Second, counsel's refusal to argue the principles of Apprendi when requested to do so by Jermall caused a "conflict of interest" between him and his counsel. Counsel expressly declined to argue Jermall's Apprendi claim because of his obligation to ethical rules, court rules, and rules of professional conduct. Had counsel pressed the Apprendi claim at sentencing, even if rejected by the court, in just a matter of weeks Blakely would be decided and Jermall's preserved issue would have guaranteed the omittance of the obstruction adjustment. See, e.g., Cuyler v. Sullivan, 466 U.S. 335 (1980) (defendant has right to conflict-free representation); Mickens v. Taylor, 535 U.S. 162, 172 n.5 (2002) (actual "conflict of interest" means "a division of loyalties that affected counsel's performance"); Lopez v. Scully, 58 F.3d 38, 41 (2d Cir. 1995) (actual conflict exists when an "alternative defense was inherently in conflict with or not undertaken due to the attorney's other loyalties or interests").

- 8 -

2.   The facts in this case show that Jermall's maximum punishment based on his admissions was 30-37 months. This is so because the Guidelines assign a base offense level of 13 for conviction under 18 U.S.C. § 1791(a)(2); U.S.S.G. § 2P1.2(a)(2). With a criminal history category of V; i.e., discounting the two points found by the court per § 4A1.1(e), see U.S. v. Leach, 325 F. Supp. 2d 557, 561 (E.D.Pa. 2004), Jermall's maximum sentencing exposure was 30-37 months. Nevertheless, the district court found by a preponderance of the evidence that Jermall should be given a two-level upward adjustment for obstruction of justice. The court sentenced Jermall to 41 months imprisonment.

3.   The injustice in this case is no trifling matter. The difference between months in prison is clearly prejudicial. See, e.g., Glover v. United States, 531 U.S. 198 (2001); U.S. v. Felton, 55 F.3d 861, 869 n.3 (3d Cir. 1995) (miscalculation of defendant's offense level is prejudicial); U.S. v. Hughes, 396 F.3d 374 (4th Cir. 2005) (Booker violation prejudicial); U.S. v. Oliver, 2005 WL 233779 (6th Cir. 2005).

CONCLUSION

For the foregoing reasons, Jermall asks that the motion be granted and that the Court award such other and further relief as may be just.

Respectfully submitted.

Jermall Butler

*Jermall Butler*

Jermall Butler #23525-038
P.O. Box 420
Fairton, NJ 08320

10 March 2005

- 9 -