IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

JERMALL BUTLER,
       Petitioner          :
                              :     CIVIL ACTION NO.
                              :
       v.                :
                              :     05-10608-MLW-RGS
UNITED STATES OF AMERICA,    :
       Respondent

GOVERNMENT'S RESPONSE TO PETITIONER'S § 2255 MOTION

Introduction

Jermall Butler committed his offense, possessing heroin in a federal prison, at FCI Otisville, and was indicted in the Northern District of New York. He was arrested in Boston, after he absconded. In this case, he took advantage of his rights pursuant to Rule 20 of the Federal Rules of Criminal Procedure and entered a plea of guilty to the charge in this district, with the assent of the United States Attorneys for both districts.

As set forth in the Affidavit of Theodore B. Heinrich, attached to this response, Butler could have obtained a plea agreement with more favorable terms in the Northern District of New York, yet he chose to plead guilty in this district. The plea agreement he entered into made clear that the government would seek an obstruction enhancement based on his failure to appear but would also recommend that he receive credit for acceptance of responsibility. The agreement also made clear that

the Court did not have to accept the recommendation and that he would not be permitted to withdraw his plea if the Court did not accept the recommendation.

The Court ultimately agreed with the government that the defendant had obstructed justice by absconding.  The Court, however, did not accept the recommendation of the parties that the defendant was entitled to acceptance of responsibility.  It determined that the guideline range was 41-51 months (Offense Lvl 15/CHC VI) and imposed a sentence of 41 months.  Had the Court reduced the offense level for acceptance, the guideline range would have been 33-41 months.

The defendant did not appeal.

<u>Claims</u>

In his Motion Pursuant to 28 U.S.C. § 2255, Butler claims that he received ineffective assistance of counsel because Mr. Sorokin failed to file an appeal.  Butler claims, but provides no evidence, that he specifically instructed Mr. Sorokin to file the appeal.  Butler also claims that Mr. Sorkin was ineffective during plea negotiations because he advised him to enter a plea agreement that provided him no benefit over going to trial. Butler also claims that the two level increase for obstruction violated his Constitutional rights as construed in <u>Apprendi</u> and <u>Booker</u>.  Finally, Butler claims that Mr. Sorokin was ineffective for failing to pursue an <u>Apprendi</u> claim at sentencing.

2

Each of these claims is without merit.  The government will address Butler's claims *in seriatim*.  It is worth noting, however, that insofar as Butler's claims seek a sentence reduction, they do not warrant relief.  Section 2255 does not offer relief for "all claimed errors in conviction and sentencing." United States v. Addonizio, 442 U.S. 178, 185 (1979). Instead, § 2255 furnishes limited relief only in a case of "fundamental defect which inherently results in a complete miscarriage of justice." Hill v. United States, 368 U.S. 424, 428 (1962). Petitioner does not present a case for such relief.  Not only are claims of error under the Sentencing Guidelines are generally not cognizable on Section 2255, Knight v. United States, 37 F.3d 769, 773 (1st Cir. 1994), but the Court here imposed a sentence of 41 months.  Even if the Court had granted Butler's claim for acceptance (or denied an enhancement for obstruction but refused credit for acceptance), a sentence of 41 months would have been within the applicable guideline range.

<u>Facts</u>

On April 9, 2002, Butler was an inmate at the Federal Correction Institution ("FCI") at Ray Brook, New York, when an FCI officer searched Butler and discovered several packets of a powdery substance in Butler's sock.  When asked what the substance was, Butler responded that it was heroin.  Subsequent forensic testing confirmed that the substance was 169 milligrams

3

(0.169 grams) of heroin hydrochloride.  On April 10, 2002, Butler was interviewed by FBI Special Agent Stephan Weishaupt, who advised Butler of his Miranda rights, which Butler acknowledged and waived.  Butler proceeded to admit that the heroin and marijuana that had been taken from him were his and were intended for his personal use.  He stated that he had obtained the substances from another inmate for the equivalent of $200.

Butler was indicted in the Northern District of New York on or about March 14, 2003.  He was represented by counsel and reached a plea agreement with the government, but failed to appear for the scheduled plea hearing.  The Northern District issued a warrant and Butler was subsequently arrested in Boston.

In Boston, Butler was represented by Leo Sorokin ("Sorokin") of the Federal Public Defender's Office.  Butler, availing himself of a Rule 20 transfer, entered an agreement with the government whereby he pled guilty to possessing contraband in prison and the government agreed to drop a second charge against him.  Pursuant to the plea agreement, the government would take the position that Butler obstructed justice by fleeing the Northern District, but agreed to recommend to the Court a two-level decrease in Butler's offense level on the basis of his prompt acceptance of personal responsibility.  While less favorable than the terms offered by the Northern District of New York, Butler nevertheless agreed to disposition of the case in

4

this district. <u>See</u> Affidavit of Theodore B. Heinrich.

At sentencing, the judge adopted a two-level increase in Butler's offense level for obstruction of justice but rejected the proposed two-level decrease for acceptance of responsibility. Butler was sentenced to 41 months imprisonment. No appeal was filed.

<u>Discussion</u>

*A. Butler Is Not Entitled To An Evidentiary Hearing Regarding Sorokin's Putative Failure To File An Appeal*

In <u>Roe v. Flores-Ortega</u>, the Supreme Court addressed the case of a defendant who had pled guilty to second-degree murder and who filed a habeas corpus motion that claimed ineffective assistance of counsel on the grounds that his counsel had failed to appeal his sentence. 520 U.S. 470, 120 S.Ct. 1029 (2000). The Court reiterated the two-pronged test that it had established in <u>Strickland v. Washington</u> for determining whether counsel was constitutionally ineffective: 1) counsel's representation fell below an objective standard of reasonableness and 2) this deficient performance prejudiced the defendant. <u>Id.</u> at 476 (citing <u>Strickland</u>, 466 U.S. 668, 688-94, 104 S.Ct. 2052, 2064-68, 80 L.Ed.2d 674 (1984)). The <u>Roe</u> Court made it clear that if a defendant explicitly requests but counsel fails to file an appeal, the counsel's conduct is per se unreasonable, satisfying the first part of the <u>Strickland</u> test: "We have long held that a

5

lawyer who disregards specific instructions from the defendant to
file a notice of appeal acts in a manner that is professionally
unreasonable. . . . This is so because a defendant who instructs
counsel to initiate an appeal reasonably relies upon counsel to
file the necessary notice.  Counsel's failure to do so cannot be
considered a strategic decision; filing a notice of appeal is a
purely ministerial task, and the failure to file reflects
inattention to the defendant's wishes." Id. at 477.  The Roe
Court also held that a defendant satisfies the second prong of
the Stickland test by demonstrating that there is a "reasonable
probability" that he would have appealed but for his counsel's
deficiency. Id. at 484.

    The First Circuit has long maintained that a petitioner who
makes a § 2255 claim is not automatically entitled to an
evidentiary hearing.  In United States v. McGill, the Court noted
that courts are very busy places and therefore evidentiary
hearings are the exception rather than the rule, and "a party
seeking an evidentiary hearing must carry a fairly heavy burden
of demonstrating a need for special treatment."  11 F.3d 223, 225
(1st Cir. 1993).  As a result, the Court has held that in most
cases motions can be determined effectively on the papers, and
"in borderline cases '[t]he test for granting an evidentiary
hearing in a criminal case should be substantive: did the
defendant make a sufficient threshold showing that material facts

were in doubt or dispute?'" Id. at 225 (quoting United States v.
Panitz, 907 F. 2d 1267, 1273 (1st Cir. 1990)).

Applying its standard for evidentiary hearings to the § 2255
context, the First Circuit has noted that district courts must
accept the defendant's factual averments as true, but need not
"give weight to conclusory allegations, self-interested
characterizations, discredited inventions, or opprobrious
epithets."  Id.  Thus, in David v. United States, the First
Circuit held that the petitioner's claim that the government had
made a plea offer that he likely would have accepted but that his
counsel had withheld from him was too vague and conclusory to
qualify for an evidentiary hearing.  134 F.3d 470, 477-8 (1st
Cir. 1998).  The Court noted that the petitioner did not supply
sufficient details that would lend credence to his case, and so
"the lower court justifiably treated the petitioner's conclusory
averments as mere buzznacking."  Id. at 478.

Butler has failed to make the required showing in this case.
He has provided no affidavit, no documents, and no proof.  He
merely claims that he requested his counsel to appeal.  Indeed,
the circumstances cast severe doubt on this claim.  In the first
place, Butler rejected the opportunity to return to the Northern
District of New York and instead accepted the terms of the plea
agreement in this case, undermining his contention that it was
counsel who advised him to plead, as opposed to his voluntary

choice.  Such a voluntary choice is not amenable to a claim for relief under Section 2255.  Second, Butler indirectly acknowledges an appeal held little prospect of success, as the Court was well within its right to reject the recommended credit for acceptance of responsibility.

Butler also fails to provide specific details, such as the particular occasions on which he instructed Sorokin to file an appeal and the language that Sorokin used to ensure Butler that he heard and would respond to his requests.  Moreover, the unsubstantiated accusations are made against a then experienced federal public defender (now a United States Magistrate Judge) without explaining why he never contacted Sorokin to make sure he had filed the appeal; the reasons Sorokin gave for not filing the appeal; and why he did not file a request for relief as soon as he realized Sorokin's supposed deficiency.  Indeed, the circumstances suggest that Butler is merely trying to take advantage of the Booker decision even though such relief is not directly available to him.  The Court should therefore deny Butler's motion without an evidentiary hearing.

In the alternative, the Court should order Butler to supplement his petition by (i) ordering him to waive his attorney client privilege and to supplement his response with his version of every significant conversation or communication he had with counsel concerning the subject of an appeal of his sentence,

together with any documents he may have which bear on the issue;
and (ii) upon receipt of such waiver and a satisfactory
supplement, request Magistrate Judge Sorokin to file an affidavit
or responsive pleading responding to Butler's allegations and
setting forth pertinent details concerning conversations,
correspondence and/or relevant documentation exchanged with
petitioner either, during or after his guilty plea and sentencing
hearings on the subject of the filing of an appeal.  <u>Batista-
Zabala v. United States</u>, 962 F.Supp. 244, 247 (D. Puerto Rico
1997).  Should Butler fail to respond, his motion should be
dismissed.

*B. Sorokin's Advice That Butler Plead Guilty Did Not Fall Below
An Objective Standard Of Reasonableness*

The two-pronged <u>Strickland</u> test for ineffective assistance
of counsel was applied to the context of guilty pleas in <u>Hill v.
Lockhart</u>, 474 U.S. 52 (1985).  To meet the first part of the
test, that of objective reasonableness, a counsel's advice must
have been "'within the range of competence demanded of attorneys
in criminal cases.'" <u>Id</u> at 56, quoting <u>McMann v. Richardson</u>, 397
U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970).
According to <u>Strickland</u>, deference is due to attorneys in
determining whether their behavior is professionally reasonable:
"Judicial scrutiny of counsel's performance must be highly
deferential.  It is all too tempting for a defendant to second-

guess counsel's assistance after conviction or adverse sentence. . ."   466 U.S. 668, 689 (1984).

Butler asserts that Sorokin's advice falls below the standard of reasonableness because Sorokin "advised [him] to enter into an agreement that afforded him no benefit over going to trial."  Petitioner's Brief at 5.  However, as the circumstances of the case and the Affidavit of Theodore B. Heinrich make plain, Butler could have returned to the Northern District of New York and obtained more favorable plea agreement terms.  Nevertheless, he chose to enter into the plea agreement offered in this District.

The circumstances further make plain that Sorokin tried but was unable to obtain more favorable terms.  Moreover, Sorokin would not have been advising Butler about proceeding to trial, as any trial would have been held in New York.

In support of his contention, Butler cites a First Circuit case, United States v. Gonzales, where the Court observed that the U.S. Sentencing Guidelines stipulate that a decrease in offense level for acceptance of responsibility is available only in "extraordinary circumstances" if the defendant is also guilty of obstruction of justice.  12 F.3d 298, 300 (1st Cir. 1993). Butler claims that Sorokin should have told him not to accept the plea because, under Gonzales, he was not likely to receive the two-level decrease in offense level that the government was

recommending.  Butler, however, has not demonstrated that his plea afforded him no benefit.  The plea agreement required the government to recommend a two-level decrease in offense level for acceptance.  It is not unreasonable to believe that a district court is more likely to grant the decrease when the government agrees rather than opposes the defense on the issue.  The fact that the Court did not grant the decrease does not demonstrate that the plea agreement was worthless.  Indeed, a trial almost certainly would have resulted in conviction on both counts (after all, Butler's contraband had been discovered by a federal agent; he had confessed, after receiving <u>Miranda</u> warnings, that the substance was heroin that he intended for his personal use and that he had obtained it, along with a quantity of marijuana, from another inmate for $200; and testing by a forensic chemist confirmed that the substance was in fact heroin) so that any provision that offered the chance of a lower sentence was worth pursuing.

In any event, the circumstances suggest that Butler voluntarily made the choices he now blames on counsel.  After all, it was not Sorokin who would have tried the case, but counsel in New York.  If Butler had not chosen to pursue a Rule 20 resolution, he would simply have been returned to New York.

C. *Booker Does Not Apply Retroactively*

Butler also asserts that his sentence is invalid because a

judge relied on the federal sentencing guidelines, which are now advisory rather than mandatory under Booker.  Booker, however, does not apply retroactively and therefore does not provide grounds for collateral review under § 2255.  Cirilo-Munoz v. United States, 404 F.3d 527 (1st Cir. 2005).  See also U.S. v. Bellamy, 2005 WL 1406176 (10th Cir. 2005); Varela v. United States, 400 F.3d 864, 867-68 (11th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005); Humphress v. United States, 398 F.3d 855, 860-3 (6th Cir. 2005); Guzman v. United States, 404 F.3d 139, 142-4 (2nd Cir. 2005); Lloyd v. United States, 407 F.3d 608, 612-3 (3rd Cir. 2005).

*D. Sorokin Was Not Deficient For Refusing To Make An Apprendi Argument*

Butler's final ground for § 2255 relief is that Sorokin rendered ineffective assistance of counsel because he refused to argue that under Apprendi v. New Jersey, the Court could not increase Butler's sentence on account of a judicial finding that Butler had obstructed justice.  Again, Sorokin's conduct does not fall below an objective standard of reasonableness.  At the time Sorokin was representing Butler, the First Circuit had held that Apprendi did not apply to the federal sentencing guidelines.  See, e.g., United States v. Robinson, 241 F.3d 115, 121 (1st Cir. 2001) ("The appellant's interpretation of Apprendi, carried to its logical conclusion, would eviscerate the federal sentencing

12

guidelines.  We do not believe the Court would have set in motion such a sea change in the law of sentencing without explicitly addressing the issue."); United States v. Martinez-Medina, 279 F.3d 105, 121 (1st Cir. 2002) (holding that Apprendi does not apply to determinations made for the purposes of the federal sentencing guidelines).  Therefore, even assuming arguendo the truth of Butler's claims that he requested the argument be made, Sorokin, was nevertheless justified in refusing to argue that Apprendi should apply to the federal sentencing guidelines on account of his professional obligation to avoid frivolous arguments.

Moreover, Butler cannot demonstrate prejudice.  Had the Court not enhanced the offense level for obstruction of justice, the guideline range would still have been 33-41 months.  Butler received a sentence within that range.  There is no showing that the sentence was unreasonable and Butler has failed even to try to demonstrate that the Court would have imposed a more lenient sentence under an advisory guidelines system.

CONCLUSION

For the reasons set forth above, the government respectfully requests that the Court summarily deny Butler's motion under 28 U.S.C. § 2255.

Respectfully submitted,

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

/s/ Theodore B. Heinrich

THEODORE B. HEINRICH
ASSISTANT U.S. ATTORNEY

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

Jermall Butler
Prisoner No. 23525-038
P.O. Box 420
FCI Fairton
Fairton, NJ 08320

This 12th day of July, 2005.

/s/ Theodore B. Heinrich
THEODORE B. HEINRICH
ASSISTANT UNITED STATES ATTORNEY

14

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

JERMALL BUTLER,
      Petitioner           :
                          :        CIVIL ACTION NO.
        v.               :
                          :        05-10608-MLW-RGS
UNITED STATES OF AMERICA,    :
      Respondent

## AFFIDAVIT OF THEODORE B. HEINRICH

Theodore B. Heinrich, being duly sworn, deposes and states that:

1.  I am an Assistant United States Attorney for the District of Massachusetts and I handled the case of United States v. Jermall Butler, Criminal Number 04-10072-MLW.  My participation began following the arrest of Butler in this district on a warrant from the Northern District of New York. Among other things, I consulted with Butler's appointed counsel in this district, Leo Sorokin, then of the Federal Public Defender's Office.  He advised me that the defendant might wish to pursue a Rule 20 transfer.  I also consulted with an Assistant U.S. Attorney with the Northern District of New York. He provided me with a draft plea agreement that included credit for acceptance and no increase for obstruction.  I reviewed the agreement and after consultation within the office, advised Mr. Sorokin that our office would only agree to a Rule 20 transfer if the agreement reflected the obstruction conduct.  I recall

discussing with Mr. Sorokin the issue of credit for acceptance in light of the guidelines' directives concerning obstruction and acceptance.  He urged a government recommendation for credit for acceptance and after additional consultation within the office, I told him that our office would agree to recommend acceptance, but we would seek an obstruction enhancement.  Mr. Sorokin later advised me that despite the fact that Butler could receive a more favorable plea agreement in the Northern District of New York, Butler still wished to plead guilty here.  The plea agreement was then finalized and the case proceeded.

I state, having signed this Affidavit under oath as to all assertions and allegations contained herein, that its contents are true and correct to the best of my knowledge, information, and belief.

_____
Theodore B. Heinrich
Assistant U.S. Attorney

Sworn and subscribed to before me this ___13th___ day of July, 2005, at Boston, Massachusetts.

CAROL E. duPONT
Notary Public
Commonwealth of Massachusetts
My Commission Expires
November 10, 2011

_____
Carol E. duPont, Notary Public