UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JERMALL BUTLER, | : | Civil No. 05-10608-MLW-RGS |
| Movant | : | |
| v. | : | |
| UNITED STATES OF AMERICA, | : | 28 U.S.C. § 2255 |
| Respondent | : | |

**MOVANT'S RESPONSE TO THE GOVERNMENT'S
MOTION IN OPPOSITION TO THE SECTION 2255 MOTION**

COMES NOW, the movant, Jermall Butler, hereinafter ("Butler"), pro se, and submits the following response in further support of the § 2255 motion.

A.  RESPONSE

1.  <u>Counsel was ineffective for failure to file a notice of appeal.</u>
    a.  The Government concedes, as they must, that "if a defendant explicitly requests but counsel fails to file an appeal, the counsel's conduct is per se unreasonable." (Gov. Res. at 5). They also concede, quite rightly, that the "district court[] must accept the defendant's factual averments" as true. Id. at 7. Despite these concessions, and in stark contrast to the greater weight of authority, see <u>U.S. v. Nagib,</u> 56 F.3d 798 (7th Cir. 1995); <u>Garcia v. U.S.</u>, 278 F.3d 134 (2d Cir. 2002), the Government puts forth the startling conclusion that Butler "fails to provide specific details, such as the particular occasions on which he instructed Sorokin to file an appeal and the language Sorokin used to ensure Butler that he heard and would respond to his requests."

(Gov. Res. at 8). But Butler's assertions could not be more clear:

> "Prior to Jermall's sentencing, he told his counsel, Leo T. Sorokin, that if he (Jermall) was unsuccessful in receiving a two-level decrease for acceptance of responsibility, he wanted to appeal. Immediately following his June 1st sentencing, Jermall instructed Sorokin to file an appeal. Sorokin assured Jermall that he would."

Supporting Memorandum, at 2. See U.S. v. Lopez, 409 F.3d 1193, 1198 (9th).

It appears, then, that the Government merely pays lip service to its acknowledgment that the district court must accept the factual allegations "as true." (Gov. Res. at 7). More startling, though, is that they argue that Butler "has provided no affidavit." Id. at 7. But as the record shows, Butler's motion was signed "under penalty of perjury" with the Supporting Memorandum (Fact section, at 2) attached. (Section 2255 motion, at 7); see also Habeas Rule 2(b)(5), Advisory Committee Notes, 1982 Amendment Subdivision (b) ("The amendment takes into account 28 U.S.C. § 1746); U.S. v. Labonte, 70 F.3d 1396, 1413 (1st Cir. 1995) ("A habeas application must rest on a foundation of factual allegations presented under oath [] in a verified petition"); cf. Fed. R. Civ. Proc. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes").

    b. The Government concludes its opposition by arguing in the "alternative" that Butler should not only augment his pleadings and waive "attorney client privilege," but that the Court should, upon receipt of such waiver, request Sorokin to file a "responsive pleading." (Gov. Res. at 8-9). Because we believe the pleadings are sufficient to proceed to the merits, we decline the Government's invitation to inject delay in these proceedings. As for their suggestion regarding waiver, Butler fully expects Sorokin to give his rendition of the facts regarding Butler's request for appeal. We stop to mention, however, that the Government appears to have neglected to try and obtain Sorokin's account. Indeed, they ask the court to ingest a burden which is rightly theirs. See Linen v. U.S., 337 F.Supp.2d 403, 406 (N.D.N.Y. 2004) (rejecting Government's claim that defendant never requested for his

attorney to file an appeal because they "did not provide an affidavit" from counsel confirming that fact).[1]

II. Counsel was deficient during plea negotiations.

    a.    The Government concedes, no doubt, that this circuit holds that a decrease in the offense level for acceptance of responsibility is "only" available in "extraordinary circumstances" if "the defendant is also guilty of obstruction of justice." (Gov. Res. at 10) (citing U.S. v. Gonzales, 12 F.3d 298, 300 (1st Cir. 1993)). Nevertheless, they argue, albeit half-heartedly, that because they agreed to "recommend a two-level decrease" for acceptance of responsibility, it "is not unreasonable to believe that a district court is more likely to grant" such a request. (Gov. Res. at 11). But by their own admission, id., at 10, the Sentencing Guideline and case law does not afford the district court any discretion in this area of law apart from "extraordinary circumstances." To be sure, they do not contend that any such circumstances existed, nor could they.

As for the Government's suggestion that conviction after trial was a foregone conclusion, id. at 11, they tacitly acknowledge that the plea exposed Butler to the same "41-51 month[]" prison term had he gone to trial. Id. at 2. See also Supporting Mem. at 5. Thus, the whole of the Government's argument is not only flawed, but circular.

    b.    Forced to accept the conclusion that Sorokin provided substandard assistance, the Government, in what can only be described as a bold move, argues in the alternative that Butler knowingly abandoned an opportunity

---

[1] The Government bases its argument that Butler is not entitled to a hearing on its faulty premise that Butler "has provided no affidavit." (Gov. Res. at 5 and 7). But as Butler has shown, his signing the motion to be true and correct under penalty of perjury satisfies the affidavit requirement. Habeas Rule 2(b)(5). They must concede, then, that a hearing is required. As for the Government's purported argument that Butler somehow acknowledges that "an appeal held little prospect of success" and that his "accusations are made against a then experienced federal public defender (now U.S. Magistrate Judge)," id., at 8, those contentions hardly warrant a response. Rodriguez v. U.S., 395 U.S. 327 (1969).

to obtain a "more favorable plea" in the District of New York. (Gov. Res. at 10). Butler categorically denies Mr. Heinrich's affidavit and the chronological order of events as he suggests them. Because the Government's response distorts the record and falls considerably short of reflecting all the pertinent facts, we are compelled to set forth the facts in a comprehensive manner:

1. On August 28, 2003, Butler arrived at the U.S. District Court for the Northern District of New York for the purpose of signing a plea agreement, at which time his counsel informed him that the Probation Department was seeking to have him rearrested for testing positive for heroin consumption. Butler immediately absconded from the District Court. Following Butler's arrest on September 30, 2003, in Massachusetts, the District Court appointed Mr. Leo Sorokin to represent him. Sorokin informed Butler that he had a "better chance" of not receiving an upward adjustment for absconding if the "case was removed to Massachusetts" since the court where he absconded would "most assuredly" apply the adjustment. Based on that advice, Butler requested removal under Fed. R. Crim. P. 20.

2. As shown above, the Government fails to state that the plea agreement in New York was offered prior to Butler absconding, and therefore did not represent the new set of circumstances. As for the Government's protestations that they (Mr. Heinrich) would "only agree" to a Rule 20 transfer if the plea agreement "reflected the obstruction conduct," id. at (Affidavit of Heinrich), that is countered by the agreement itself, since the agreement does not mention that purported understanding. In fact, the agreement specifically rejects such an assertion:

> "This letter contains the complete and only agreement between the parties. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral."

See Ex. A, at 5, n. 11.

To suggest that Butler would specifically agree to be subjected to more time in prison not only defies reason but borders on the "incredible." See <u>Ostrander v. Green</u>, 46 F.3d 347, 354 and n. 13 (4th Cir. 1995) ("Reason-

- 4 -

able persons seek freedom from restraint"). The Government's submission should be rejected out-of-hand.

III. Butler's jury trial rights were violated.

    a. Butler concedes, as he must, that the First Circuit has decided against the retroactive application of U.S. v. Booker, 543 U.S. ___ (2005). See Cirilo-Munoz v. U.S., 404 F.3d 527 (1st Cir. 2005).

IV. Counsel was deficient for failure to make an Apprendi argument.

    a. The Government argues, and we agree, that Sorokin had no duty to raise a "frivolous argument[]." (Gov. Res. at 13). But, as we argued in the Supporting Memorandum, at 8 n.3, some eight months prior to Butler's sentencing, on October 20, 2003, the Supreme Court granted certiorari on the issue of whether the top of the standard Guidelines range represented the maximum penalty. See Blakely v. Washington, 157 L.Ed.2d. 309 (2003), cert. granted. This issue was directly germane to the application of the U.S. Sentencing Guidelines to Butler's case. To be sure, the Government does not dispute, much less discuss, these facts. Surely, an Apprendi argument at Butler's sentencing was not only not frivolous, but an attorney's abandonment of such an argument, especially when requested by his client, cannot be championed as reasonable. See Noland v. Frank, 134 F.3d 208, 218 (4th Cir. 1998) ("Counsel has a duty to keep his/her client informed of important developments in the case and 'to consult with the defendant on important issues'").

    Moreover, and as the Government concedes (Gov. Res. at 13), Sorokin expressly declined to protect Butler's interest as requested because of his obligations to ethical and court rules. See Lopez v. Scully, 58 F.3d 38, 41 (2d Cir. 1995) (actual conflict exists when a defense was "inherently in conflict with or not undertaken due to attorney's other loyalties or interests"). See also Cuyler v. Sullivan, 466 U.S. 335, 350 (1980) (a defendant who shows that his counsel "actively represented conflicting interests" has established a claim of ineffective assistance).

As for the Government's contention that Butler cannot, in any event, establish prejudice, they misapprehend the law. Once a defendant "proves that 'an actual conflict of interest adversely affected' his attorney's representation of him, prejudice [is] presumed." Allison v. Ficco, 388 F.3d 367, 370 (1st Cir. 2004) (quoting Sullivan, 466 U.S. at 348).

## CONCLUSION

For these reasons and those argued in the § 2255 motion and supporting memorandum, the motion should be Granted.

Respectfully submitted.

JERMALL BUTLER

*Jermall Butler*
#23525-038
P.O. Box 420
Fairton, NJ 08320

## VERIFICATION STATEMENT

"I hereby declare under penalty of perjury that the foregoing is true and correct." 28 U.S.C. § 1746.

JERMALL BUTLER

Executed on July 19, 2005.        *Jermall Butler*

PROOF OF SERVICE

I certify that on ___7/20/05___ (date) I mailed a copy of this brief and all attachments via first class mail to the following parties at the addresses listed below:

ASSISTANT U.S. ATTORNEY, HEINRICH
JOHN J. MOAKLEY COURTHOUSE, SUITE 9200
1 COURTHOUSE WAY
BOSTON, MA 02210


Signature: _Jerowll Butler_
Name:
Address: FCI Fairton
P.O. Box 420
Fairton, NJ 08320

PROOF OF SERVICE FOR INSTITUTIONALIZED
OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on ___7/20/05___ (date) for forwarding to the Court of Appeals. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

_Jerowll Butler_
Signature

Dated: ___7/20/05___

all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea.

10. Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

11. Complete Agreement

This letter contains the complete and only agreement between the parties. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
JAMES B. FARMER
Assistant U.S. Attorney
Chief,
Criminal Division

STEPHEN P. HEYMANN
Assistant U.S. Attorney
Deputy Chief,
Criminal Division

THEODORE B. HEINRICH
Assistant U.S. Attorney

5